UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| CARL E. OLSEN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 07-34-B-W |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant | ) | |

## RECOMMENDED DECISION

Carl Eric Olsen has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §
1651 and 28 U.S.C. § 2241, claiming that his February 18, 1983, conviction for possession with
the intent to distribute approximately twenty-five tons of marijuana should be vacated in light of
a recent decision of the United States Supreme Court, Gonzales v. O Centro Espirita Beneficent
Uniao Do, 546 U.S. 418 (2006).  According to Olsen's theory of his case, the recent Supreme
Court ruling recognizing there might be individualized exceptions under the Religious Freedom
Restoration Act of 1993, 42 U.S.C.A. § 2000bb-1(b), (hereinafter RFRA) that could override the
Government's interest in uniform application of the Controlled Substances Act, dictates that this
court vacate his conviction.  Olsen and his co-defendants attempted to argue at trial that, as
members of the Ethiopian Zion Coptic Church, the Government's prosecution of them infringed
upon the free exercise of their religion.  The United States Court of Appeals affirmed the trial
court ruling which prevented the defendants from asserting an alleged First Amendment defense.
United States v. Rush, 738 F.2d 497, 512 (1st Cir. 1984).  Olsen argues that the February 21,
2006, Supreme Court decision gave him the vehicle by which he could proclaim his "factual
innocence" vis-à-vis this drug conviction.

Olsen's current pleading is indisputably a collateral attack on his federal conviction no matter how inventive Olsen might try to be.  He cites 28 U.S.C. § 1651 and 28 U.S.C. § 2241, as well as the RFRA in support of his petition.  In an opinion authored by Circuit Judge Easterbrook, the Seventh Circuit addressed a similar effort to invoke the writ of <u>audita</u> <u>querela</u> in <u>Melton v. United States</u>:

> Prisoners cannot avoid the AEDPA's rules by inventive captioning. <u>See</u>, <u>e.g.</u>, <u>Owens v. Boyd</u>, 235 F.3d 356 (7th Cir.2000) (application for coram nobis); <u>United States v. Evans</u>, 224 F.3d 670 (7th Cir.2000) (use of Rule 33 based on matters other than newly discovered evidence of innocence). Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, <u>is</u> a motion under § 2255, no matter what title the prisoner plasters on the cover. <u>See</u>, e.g., <u>Ramunno v. United States</u>, 264 F.3d 723 (7th Cir.2001). Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls. <u>See</u> <u>Thurman v. Gramley</u>, 97 F.3d 185, 186-87 (7th Cir.1996).

359 F.3d 855, 856 -57 (7th Cir. 2004).

There are any number of reasons why Olsen might not succeed on the merits of his claim, but there are also at least two statutory reasons why this court cannot entertain this petition to vacate his conviction.  First, it appears to me that it is highly unlikely that Olsen is "in custody" pursuant to this judgment as required by both 28 U.S.C. § 2241 (c)(1) – (4) and  28 U.S.C. § 2255.  On February 18, 1983, Olsen received a sentence of five years imprisonment with a special parole term of two years.  His conviction was affirmed on August 7, 1984, and on October 8, 1985, this Court amended the judgment by striking the imposition of a special parole term.  Even if Olsen did not go into custody until issuance of the amended judgment, a dubious proposition, and even if he earned not one day of good time, five years would have expired on October 9, 1990.  Furthermore, Olsen filed this petition indicating a residential address in Des Moines, Iowa, and a

personal e-mail account, hardly indicative of his status as a federal prisoner. I think it would be fair to conclude that Olsen is not a person in custody and, therefore, he cannot maintain an action under § 2241 or § 2255.

However, even if Olsen were somehow still "in custody" pursuant to this judgment and conviction, the docket record in this court indicates that on June 23, 1986, Olsen filed his first 28 U.S.C. ¶ 2255 motion. That motion was denied on November 14, 1986, the First Circuit summarily affirmed, United States v. Olsen, No. 86-2081, 823 F.2d 542 (1st Cir. Apr. 27, 1987)(unpublished decision), and the mandate issued on May 20, 1987. Thus, in order for Olsen to file a second or successive § 2255 motion, he would have to obtain leave from a panel of the Court of Appeals as required § 2255 ¶ 8(2). Olsen has not done so and therefore this court should summarily dismiss this petition.

## Conclusion

Based upon the foregoing, I recommend this court summarily dismiss this petition.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

March 19, 2007                         /s/ Margaret J. Kravchuk
                                       U.S. Magistrate Judge