UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CARL E. OLSEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | ) Civil No. 7-34-B-W |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**RECOMMENDED DECISION
AND ORDER ON MOTION TO SEAL**

Carl Eric Olsen filed a "petition for wit of habeas corpus" pursuant to 28 U.S.C. § 2241 and 28 U.S.C. § 1651 on March 8, 2007, claiming that his February 18, 1983, conviction for possession with the intent to distribute approximately twenty-five tons of marijuana should be vacated in light of a recent Supreme Court decision. As is the policy under the administrative procedures followed in this court, Olsen was not charged a filing fee for a title 28 action challenging a conviction and his pleading was accepted for filing without payment of a filing fee or completion of an application to proceed in forma pauperis. Ultimately, the District Court dismissed his complaint for reasons unrelated to the filing fee and denied him a certificate of appealability. Olsen has now filed a motion for leave to proceed in forma pauperis on appeal (Docket No. 13) and a motion to seal the application (filed under seal) (Docket No. 14). I now grant in part the motion to seal and I recommend that the court deny the motion for leave to proceed in forma pauperis on appeal.

*Motion to Seal*

Olsen, as a registered Electronic Case Filer ("ECF") with this court, filed, under seal, a motion to seal the affidavit accompanying his motion to proceed in forma pauperis. As a preliminary matter I note that the motion to seal, which contains none of the personal information Olsen wants sealed from public view, should not have been filed under seal and I order the clerk to make it publicly available. As for his substantive request, that his affidavit be kept under seal, I will grant that motion in part and order that affidavit accompanying the motion to proceed in forma pauperis on appeal will be sealed from public view, but the recommended decision on the motion to proceed in forma pauperis will not be sealed. By necessity I have discussed some of the facts within the application to proceed in forma pauperis in my recommended decision, but I believe those facts are essential in order to explain the reasons for my recommendation.

Olsen does not cite any authority for his motion to seal and simply states that he does not wish his financial information to be made public. Certainly, to the extent he sought to have his social security number withheld from placement in the electronic record he has both statutory support and administrative procedures that should provide that degree of privacy. At his request his social security number has been redacted from his pleading. To the extent he is requesting that his other financial information be kept confidential, he may be on less firm footing. However, relying upon the authority of Boston Herald, Inc. v. John Connolly, 321 F.3d 174 (1st Cir. 2003), I will grant his request. He is really requesting no more than to have the measure of privacy this court routinely extends in civil litigation when counsel file certain documents in support of written pleadings and those documents contain trade secrets or other information subject to a confidentiality order. The affidavit accompanying Olsen's application is to be sealed from public view but available to the other party to this litigation and to the court.

*Recommended Decision on IFP Application*

Olsen has filed an application to proceed in forma pauperis on appeal. Pursuant to Rule of Appellate Procedure 24, this court has jurisdiction to act upon such a motion. In this case, while I have no doubt about Olsen's good faith or the reasons for his appeal, I do not believe that he is otherwise qualified to proceed in forma pauperis.

Mr. Olsen reports income from his employment in the amount of $39,000 during the last year and anticipates that he will earn $3,166 next month. Additionally he has made $3,200 from his self-employment in the computer field. His yearly income from wages and self-employment is in the range of $42,000. Additionally, Olsen collects a retirement income from some source which totaled $2550 last year and is anticipated to be $425 next month, almost enough to pay the filing fee. He has no spouse and no dependents. Although Olsen claims extraordinary expenses associated with his business venture, presumably he makes some money from the venture or he would not be in business. His own affidavit shows a small monthly profit. Mr. Olsen also indicates on his affidavit that he holds three major active credit cards. Presumably these credit cards have a cash advance feature and Mr. Olsen could, if pressed, borrow the money to pay the filing fee. Instead, he requests the court allow him to pay, if pay he must, on an installment basis.

We are talking about a one time fee of $455 to process the appeal. If the court extends "credit" to Mr. Olsen in this situation, practically every case will become eligible for in forma pauperis status depending upon the appellant's current cash flow status. For someone who is obviously credit worthy using the court to obtain an interest-free loan may be desirable, but it is

not the court's business to be extending loans to the creditworthy. The overall picture of Mr. Olsen's finances is consistent with many middle income Americans. He owns a house, makes a $570.00 mortgage payment; he owns a four year old Ford, makes a $270.00 monthly car payment; and he has the normal day to day living expenses of most people. In this situation he does not qualify for in forma pauperis status on appeal, in my view.

If Mr. Olsen were seeking court appointed counsel in the context of a criminal case, it might be a very different situation involving thousands of dollars. However, the expenses associated with this appeal are basically capped at $455.00 and the printing costs associated with whatever legal papers are filed in the appeals court. Mr. Olsen obviously has access to computers and computer software to handle these burdens and can do so in the course of his home business. Thus the only expense associated with this appeal is the filing fee which Mr. Olsen is well able to pay. I would recommend the court deny his application.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

June 11, 2007